BENJAMIN RICHARDSON ADMINISTRATOR OF W. FUL-
LERTON, IMPLEADED WITH P. ADAMS ET AL.
vs. R. B. HARRISON.

On appeal in chancery cases, the supreme court, unless the evidence be preserved by bill of exceptions cannot see whether the cir. ct. erred in deciding on it.

APPEAL from Franklin circuit court.

Opinion of the court delivered by McGIRK, J.

This was a suit in chancery, brought in the circuit court of Franklin county by Harrison as assignee of one Fryer, a legatee under the will of Fullerton, to recover a legacy. The cause was set for hearing on the bill, answers, and replications, exhibits and other testimony. The court made a decree for the complainant against Richardson, from which he takes an appeal to this court. The error assigned is, that the decree is erroneous.—In this case there is no bill of exceptions, so that we cannot see whether or not the court erred in deciding on the testimony;—by the act of 1825 respecting chancery practice, the party who obtained a decree was bound to preserve a sufficiency of testimony to found his decree on. That act was repealed by the act of session 1826, which requires the party wishing to impeach a decree to preserve the testimony, and show wherein the decree is erroneous as to the facts of the law. After the passage of the last mentioned act, cases in chancery as to the exceptions to decrees for error, are put on the same footing as cases at law,—which footing is, that a judgment or decree, where there are proper pleadings, shall stand and be presumed correct unless the contrary be shown, which can only be done by saving the testimony by a bill of exception. In this no testimony is saved. The decree is presumed to be correct;—it is affirmed with costs.

On appeal in chancery cases, the Supreme Court, unless the evidence be preserved by bill of exceptions, cannot see whether the cir. ct. erred in deciding on it.